UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:07-cr-365-T-23TBM
 8:11-cv-1742-T-23TBM

TABBIEAN BELLAMY
_____/

**O R D E R**

Bellamy's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for the distribution of fifty grams or more of cocaine, for which offense he serves 121 months. Because Bellamy's conviction became final more than two years ago, the motion to vacate is time-barred.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Because his conviction became final on March 17, 2009,[2] Bellamy's limitation expired one year later, on March 17, 2010. The motion to vacate is dated July 30, 2011, more than a year past the one-year deadline.

Even if not time-barred, the motion to vacate lacks merit. In grounds one and two Bellamy apparently attempts to avoid the time bar by claiming actual innocence of hisسentence. Bellamy seeks to invoke the "Fair Sentencing Act" ("FSA"), which lowered the statutory minimum for crack cocaine sentences. The FSA is inapplicable because Bellamy was sentenced more than a year before enactment of the FSA. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, ___ U.S. ___, 131 S. Ct. 1833 (2011). Bellamy's claim that he is actually innocent of the sentence is precluded by Gilbert v. United States, 640 F.3d 1293, 1322-23 (2011) (en banc), petition for cert. filed, (U.S. Aug. 17, 2011) (No. 11-6053), which rejects expanding "the Sawyer [v. Whitley, 505 U.S. 333 (1992)], actual innocence of sentence exception" beyond death penalty cases.

In ground three Bellamy asserts entitlement to a two level reduction under Amendment 706 to the Sentencing Guidelines. Because Amendment 706 was already in effect in 2009 when he was sentenced, Bellamy's sentence includes the reduced

---

[2] This date includes Bellamy's time to file a notice of appeal under Rule 4((b)(1)(A), Fed. R. App. P.

- 2 -

base offense levels for crack cocaine. No further reduction using Amendment 706 is available.

Finally, in ground four Bellamy alleges that counsel was ineffective for not appealing as instructed. Bellamy apparently believes entitlement to equitable tolling of the limitation. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Bellamy must meet both requirements, and he controls the first requirement—due diligence—but not the second—extraordinary circumstances. Failure to meet both requirements, especially the one he controls, precludes equitable tolling. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. Bellamy offers nothing to prove either due diligence or extraordinary circumstances.

Accordingly, Bellamy's motion to vacate (Doc. 1) is **DENIED** as time-barred. The clerk shall enter a judgment against Bellamy and close this case.

ORDERED in Tampa, Florida, on September 20, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE